1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

| | |
|---|---|
| MASONRY SECURITY PLAN OF WASHINGTON; BAC LOCAL NO. 1 PENSION TRUST; BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND; and INDEPENDENT CONTRACTORS AND BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL NO. 1 APPRENTICE TRAINING TRUST,<br><br>                    Plaintiffs,<br>          v.<br><br>TOP END CONSTRUCTORS, INC., a California corporation d/b/a TOP END TERRAZZO,<br><br>                    Defendant. | Case No. 2:20-cv-00336<br><br>COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES |

9

10

11

12

13

14

15

16

17

## I. PARTIES

18

1.1     Plaintiff Masonry Security Plan of Washington ("Masonry Health Trust") is a

19

Taft-Hartley trust fund established to provide one or more employee welfare benefit plans

20

for the participating employees on whose behalf contributions have been paid.  The Masonry

21

Health Trust maintains its principal office in Seattle, King County, Washington.

22

1.2     Plaintiff BAC Local No. 1 Pension Trust ("Masonry Pension Trust") is a

23

Taft-Hartley trust fund established to provide one or more employee pension benefit plans

COMPLAINT – 1
2:20-cv-00336

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

4900 732 va211902

1    for the participating employees on whose behalf contributions have been paid, and their

2    beneficiaries.  The Masonry Pension Trust maintains its principal office in Seattle, King

3    County, Washington.

4            1.3      Plaintiff Bricklayers and Trowel Trades International Pension Fund ("BAC

5    International Pension Trust") is a Taft-Hartley trust fund established to provide pension

6    benefits for the participating employees on whose behalf contributions have been paid, and

7    their beneficiaries.  The BAC International Pension Trust maintains its principal office in

8    Washington, District of Columbia.

9            1.4      Plaintiff Independent Contractors and Bricklayers and Allied Craftworkers

10    Local No. 1 Apprentice Training Trust ("BAC Apprentice Trust") is a Taft-Hartley trust

11    fund established to create and administer one or more apprenticeship and training plans.

12    The BAC Training Trust maintains its principal office in Seattle, King County, Washington.

13            1.5      The Plaintiffs are commonly known as and referred to collectively as the

14    Masonry Trust Funds.

15            1.6      Defendant Top End Constructors, Inc. ("TEC") is a California corporation

16    with its principal place of business in Los Angeles, Los Angeles County, California.  Upon

17    information and belief, it conducts business as Top End Terrazzo.  At times relevant, TEC

18    conducted business within this District.

19                    **II.  JURISDICTION AND VENUE**

20            2.1      This Court has exclusive jurisdiction pursuant to §502(e)(1) of the Employee

21    Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §1132(e)(1).

22            2.2      Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29

23    U.S.C. §1132(e)(2), and pursuant to agreement between the parties.

COMPLAINT – 2
2:20-cv-00336

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

4900 732 va211902

## III. FACTS

3.1    On December 4, 2017, Richard Orlando, identifying himself as "Secretary" executed a Compliance Agreement on behalf of Top End Constructors, Inc. with the International Union of Bricklayers & Allied Craftworkers, Local 2 (the "Union").   The Compliance Agreement incorporates by reference the terms and conditions of the *Agreement between International Union of Bricklayers & Allied Craftworkers Local #2 Washington Idaho Montana and Independent Tile and Terrazzo Contractors*, effective June 1, 2014 (the "Master Labor Agreement"):

> The UNDERSIGNED EMPLOYER hereby agrees with the INTERNATIONAL UNION OF BRICKLAYERS & ALLIED CRAFTWORKERS UNION, LOCAL NO. 2 WA-ID-MT of the Pacific NW ADC that with respect to all of its employees, it will abide by all of the terms and conditions of the following principal agreement (and amendments thereto) and the terms and conditions of all successive principal agreements (and amendments thereto) as may be executed by the signatory parties.

> ☒ Agreement between International Union of Bricklayers & Allied Craftworkers Local No. 2 WA-ID-MT of the Pacific NW ADC and INDEPENDENT TILE AND TERRAZZO CONTRACTORS (King, Clallam, Kitsap, Snohomish, Jefferson, Island, Skagit, Whatcom, San Juan, Pierce, Thurston, Lewis, Mason, Grays Harbor Counties and north half of Pacific County).

3.2    By signing the Compliance Agreement, TEC agreed to make fringe benefit contributions to the Masonry Trust Funds and be bound by the terms and conditions of their respective trust agreements:

> TRUST OBLIGATIONS REAFFIRMED: The undersigned employer agrees to make contributions to the applicable health and welfare trust fund, pension trust fund, training trust fund, and any other trust funds, as specified in the principal agreement, and does further agree to abide by all the terms and conditions of the trust agreements creating the respective trust funds, and any amendments heretofore or thereafter adopted.  Further, the employer does accept as

COMPLAINT – 3
2:20-cv-00336

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

4900 732 va211902

its lawful representatives, the employer trustees who are now or may hereafter serve on the board of trustees of the respective trust funds.

3.3     The Masonry Trust Funds are beneficiaries under the terms of the Compliance Agreement and the Master Labor Agreement.

3.4     By executing the Compliance Agreement, as discussed above, TEC agreed to the terms of the (i) Masonry Security Plan of Washington; (ii) BAC Local No. 1 Pension Trust; (iii) Bricklayers and Trowel Trades International Pension Fund; and (iv) Independent Contractors and Bricklayers and Allied Craftworkers Local No. 1 Apprentice Training Trust.

3.5     TEC's obligations under the Masonry Health Trust are set forth in Article IX, Sections 1 – 9 of the *Trust Agreement Governing the Masonry Security Plan of Washington*, revised and restated effective March 15, 2012, and as amended.  Under the Masonry Health Trust, TEC agreed to, among other things:

- Submit its reports on or before the date specified in the underlying collective bargaining agreement (the 15th day of the calendar month following the month in which the contributions are payable);

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, including audits, as requested by the trust funds;

- Payment of liquidated damages of ten percent (10%) on all delinquent contributions, fifteen percent (15%) if suit is filed;

- Payment of interest of twelve percent (12%);  and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.6     TEC's obligations under the Masonry Pension Trust are set forth in Article IX, Sections 1 – 9, and Amendment No. 6 of the *Trust Agreement Governing a Joint Labor-*

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

*Management Employee Pension Benefit Trust Fund*, dated December 30, 1976, and as amended. Under the Masonry Pension Trust, TEC agreed to, among other things:

- Submit its reports on or before the date specified in the underlying collective bargaining agreement (the 15th day of the calendar month following the month in which the contributions are payable);

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, including audits, as requested by the trust funds;

- Payment of liquidated damages of ten percent (10%) on all delinquent contributions, fifteen percent (15%) if suit is filed;

- Payment of interest of twelve percent (12%); and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.7     TEC's obligations under the BAC International Pension Trust are set forth in Article IV, Sections 4.1 – 4.6 of the *Restated Agreement and Declaration of Trust of the Bricklayers and Trowel Trades International Pension Fund*, effective December 31, 1988, and as amended. Under the BAC International Pension Trust, TEC agreed to, among other things:

- Submit its reports on or before the date specified in the underlying collective bargaining agreement (the 15th day of the calendar month following the month in which the contributions are payable);

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, including audits, as requested by the trust funds;

- Payment of liquidated damages of twenty percent (20%) or an additional interest charge of fifteen percent (15%) on all delinquent contributions, whichever is higher;

- Payment of interest of fifteen percent (15%) on all delinquent contributions; and

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

- ▪ Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.8     TEC's obligations under the BAC Apprentice Trust are set forth in Article IX, Sections 1 – 9 of the *Trust Agreement Governing the Independent Contractors and Bricklayers and Allied Craftworkers Local No. 1 Apprentice Training Trust*, dated May 1, 1997, and as amended.   Under the BAC Apprentice Trust, TEC agreed to, among other things:

- ▪ Submit its reports on or before the date specified in the underlying collective bargaining agreement (the 15th day of the calendar month following the month in which the contributions are payable);

- ▪ Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, including audits, as requested by the trust funds;

- ▪ Payment of liquidated damages of ten percent (10%) on all delinquent contributions, fifteen percent (15%) if suit is filed;

- ▪ Payment of interest of twelve percent (12%); and

- ▪ Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.9     Upon information and belief, following execution of the Compliance Agreement, TEC used employees to perform work subject to the Master Labor Agreement. TEC also began its monthly reporting and payment of fringe benefit contributions to the Masonry Trust Funds.

3.10    In 2019, TEC was selected for a routine audit of its payroll and related business records to review whether the company complied with its reporting and payment of fringe benefit contributions to the Masonry Trust Funds.   The audit covered the period November 1, 2017 to present.

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3.11    On July 29, 2019, the Masonry Trust Funds' auditor notified TEC of its selection for an audit.  With no apparent response, the Masonry Trust Funds' auditor followed up with a second document request on August 15, 2019.

3.12    On August 19, 2019, Rick Orlando, the Vice-President of TEC, responded to the auditor and wrote that he would send the requested information.  No information was received and the auditor again requested documents on September 5, 2019.  No response was received from TEC.

3.13    Because TEC did not respond, this matter was referred to counsel on October 15, 2019.

3.14    On November 13, 2019, demand was made upon TEC for payroll and related documents so that the auditor could finish the audit report.  TEC did not respond to the written demand.

3.15    On November 27, 2019, a final demand for compliance with the audit was made upon TEC.  The company did not respond.

3.16    As of the date of this complaint, TEC has not produced records to the Masonry Trust Funds' auditor.

## IV.  CAUSES OF ACTION

### First Cause of Action
### (Breach of Labor Agreement/Trust Agreement)

4.1    The Masonry Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.16, above.

4.2    TEC's failure to comply with the audit constitutes a breach of the terms of the Compliance Agreement and the Master Labor Agreement between the Union and TEC,

COMPLAINT – 7
2:20-cv-00336

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

4900 732 va211902

to which the Masonry Trust Funds are beneficiaries.  TEC's failure to comply with the audit also constitutes a breach of the Trust Agreements, the terms of which TEC agreed to when it signed the Compliance Agreement.

4.3     As a result of TEC's breach, the Masonry Trust Funds have been damaged in an amount to be proven at trial, plus ancillary charges including liquidated damages, prejudgment interest, attorney fees, and costs of collection.

**Second Cause of Action**
**(Violation of ERISA)**

4.4     The Masonry Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.16, above.

4.5     TEC's failure to report and pay fringe benefit contributions constitutes a violation of §503(a)(3), §515 ERISA, codified at 29 U.S.C. §1132(a)(3), §1145.

4.6     As a result of TEC's violation, the Masonry Trust Funds have been damaged in an amount to be proven at trial, plus ancillary charges including liquidated damages, prejudgment interest, attorney fees, and costs of collection.

**Third Cause of Action**
**(Equitable Relief)**

4.7     The Masonry Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.16, above.

4.8     TEC's failure to fully comply with the Masonry Trust Funds' audit gives rise for a claim for equitable relief under 29 U.S.C. 1132 (a)(3).  Specifically, the Masonry Trust Funds are entitled to an order compelling TEC to fully comply with the audit and the auditor's document requests.

COMPLAINT – 8
2:20-cv-00336

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

## V.  <u>REQUESTED RELIEF</u>

The Plaintiff Masonry Trust Funds respectfully request the Court grant the following relief:

A.   Entry of equitable relief, including an order compelling TEC to fully comply with the audit and the auditor's document requests;

B.   Upon completion of the audit, should the auditor conclude TEC has failed to properly report and pay fringe benefit contributions to the Masonry Trust Funds, then entry of:

 a.   Judgment against Top End Constructors, Inc. d/b/a Top End Terrazzo, in an amount to be determined at trial for past-due and delinquent fringe benefit contributions as set forth in the audit report, and owed by defendant pursuant to the terms of the labor and trust agreements to which TEC is a party;

 b.   Judgment against Top End Constructors, Inc. d/b/a Top End Terrazzo, in an amount to be determined at trial for liquidated damages as set forth in the audit report, and owed by defendant pursuant to the terms of the labor and trust agreements to which TEC is a party;

 c.   Judgment against Top End Constructors, Inc. d/b/a Top End Terrazzo, in an amount to be determined at trial for accrued prejudgment interest as set forth in the audit report, and owed by defendant pursuant to the terms of the labor and trust agreements to which TEC is a party;

 d.   Judgment against Top End Constructors, Inc. d/b/a Top End Terrazzo, in an amount to be determined at trial for additional prejudgment interest from the date of the audit report until judgment;

 e.   Judgment against Top End Constructors, Inc. d/b/a Top End Terrazzo, in an amount to be determined at trial for audit fees as set forth in the audit report, and owed by defendant pursuant to the terms of the labor and trust agreements to which TEC is a party;

C.   An award of attorney fees of not less than $5,000.00, plus costs of collection, as authorized by the labor and trust agreements to which TEC is a party, and as authorized under ERISA;

D.   An award of post-judgment interest at the 12% rate specified by the applicable trust agreement, and as authorized under ERISA; and

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1    E.    Any other such relief under federal law or as is just and equitable.

2    Dated: March 2, 2020.

3                                    s/  Jeffrey G. Maxwell
                                     Jeffrey G. Maxwell, WSBA #33503
4                                    Barlow Coughran Morales & Josephson, P.S.
                                     1325 Fourth Avenue, Suite 910
5                                    Seattle, Washington 98101
                                     (206) 224-9900
6                                    jeffreym@bcmjlaw.com

7                                    Counsel for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

COMPLAINT – 10
2:20-cv-00336

4900 732 va211902